# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

THOMAS FLEMING, on behalf of himself
and all others similarly situated,

                Plaintiff,

                *vs.*

NORTHLAND GROUP, LLC, now known
as RADIUS GLOBAL SOLUTIONS, LLC,
a Minnesota Limited Liability Company;
and JOHN DOES,

                Defendants.

Case No. 1:18-cv-01700

## CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT, AND JURY DEMAND

This action is brought by Plaintiff, THOMAS FLEMING, on behalf of himself and all others similarly situated, against Defendants, NORTHLAND GROUP, LLC, now known as RADIUS GLOBAL SOLUTIONS, LLC, a Minnesota Limited Liability Company ("NORTHLAND"); and JOHN DOES, based on the following:

### I.    PRELIMINARY STATEMENT

1. Plaintiff brings this action individually and on behalf of all others similarly situated for the illegal practices of Defendants when attempting to collect an alleged debt from them in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p.

2. Such practices include attempting to collect consumer debts by engaging in conduct prohibited by, or failing to engage in conduct required by, the FDCPA.

3. The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection

practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a). The FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

4. The FDCPA, at 15 U.S.C. § 1692c, prohibits when and with whom a debt collector may communicate when attempting to collect a debt and, at 15 U.S.C. § 1692b, limits communications with third parties to the collection of "location information."

5. When collecting or attempting to collect a debt, the FDCPA bars a debt collector's use of: (a) harassing, oppresive, and abusive conduct; (b) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a list of specific *per se* violations but they are nonexclusive and do not limit the general application of each Section's broad prohibitions.

6. When the collection process starts, the FDCPA requires a debt collector to provide a consumer with basic debt information and the consumer's right to debt-verification. 15 U.S.C. § 1692g.

7. When the collection process escalates to litigation, the FDCPA prohibits lawsuit from being commenced in a distant venue. 15 U.S.C. § 1692i.

8. Although the FDCPA is not a strict-liability statute, "most infractions result in liability" without proof of *scienter* unless the specific infractions includes an element of intent or purpose, or the debt collector can affirmatively prove a *bona fide* error under 15 U.S.C.

Page **2** of **11**
Case 1:18-cv-01700-WCG   Filed 10/25/18   Page 2 of 11   Document 1

practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a). The FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

4. The FDCPA, at 15 U.S.C. § 1692c, prohibits when and with whom a debt collector may communicate when attempting to collect a debt and, at 15 U.S.C. § 1692b, limits communications with third parties to the collection of "location information."

5. When collecting or attempting to collect a debt, the FDCPA bars a debt collector's use of: (a) harassing, oppresive, and abusive conduct; (b) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a list of specific *per se* violations but they are nonexclusive and do not limit the general application of each Section's broad prohibitions.

6. When the collection process starts, the FDCPA requires a debt collector to provide a consumer with basic debt information and the consumer's right to debt-verification. 15 U.S.C. § 1692g.

7. When the collection process escalates to litigation, the FDCPA prohibits lawsuit from being commenced in a distant venue. 15 U.S.C. § 1692i.

8. Although the FDCPA is not a strict-liability statute, "most infractions result in liability" without proof of *scienter* unless the specific infractions includes an element of intent or purpose, or the debt collector can affirmatively prove a *bona fide* error under 15 U.S.C.

§ 1692k(c). *Oliva v. Blatt, Hasenmiller, Leibsker & Moore LLC*, 864 F.3d 492, 502 (7th Cir. 2017), *cert. denied,* 138 S. Ct. 1283 (2018).

9. A debt collector's conduct violates the FDCPA when viewed from the perspective of an "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). "The unsophisticated consumer is uninformed, naive, and trusting, but possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Williams v. OSI Educ. Servs., Inc*, 505 F.3d 675, 678 (7th Cir. 2007) (internal editing notations and quotation marks omitted).

10. A single violation is sufficient to establish liability. *Nielsen v. Dickerson*, 307 F.3d 623, 640 (7th Cir. 2002).

11. When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. Statutory damages are limited: a plaintiff may recover no more than $1,000, and the class may recover up to $500,000 or 1% of the debt collector's net worth, whichever it less.

12. Plaintiff seeks, both individually and on behalf of all others similarly situated, such relief as is allowed under FDCPA including, without limitation, such actual damages as may be allowable on a class basis or on an individual basis (only if a class is not certified under Fed. R. Civ. P. 23), statutory damages, attorney fees and costs.

## II. PARTIES

13. FLEMING is a natural person.

14. At all times relevant to this lawsuit, FLEMING was a citizen of, and resided in, the City of Appleton, Outagamie County, Wisconsin.

15. NORTHLAND is a for-profit limited liability company formed under the laws of the State of Minnesota.

16. On information and belief, NORTHLAND maintains its principal place of business at 7831 Glenroy Road, Suite 250, Edina, Minnesota. Its registered agent and office in Wisconsin are CT Corporation, 301 South Bedford Street, Suite 1, Madison, Wisconsin 53703.

17. Defendants, JOHN DOES are sued using fictitious names as their true names and capacities are presently unknown to FLEMING. This Complaint will be amended by inserting the true names and capacities of these defendants once they are ascertained.

### III. JURISDICTION & VENUE

18. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331 and 1337.

19. Venue is appropriate in this federal district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to claims occurred within this federal judicial district, and because Defendants are subject to personal jurisdiction in the State of Wisconsin at the time this action is commenced.

### IV. FACTS

20. NORTHLAND regularly engages in the collection of defaulted consumer debts.

21. NORTHLAND regularly collects or attempts to collect debts alleged to be owed others.

22. NORTHLAND is a business the principal purpose of which is the collection of defaulted consumer debts.

23. In attempting to collect debts, NORTHLAND uses the mails, telephone, the internet, and other instruments of interstate commerce.

24. On information and belief, JOHN DOES are natural persons or business entities all of whom reside or are located within the United States who personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with, conspired with, engaged in, and oversaw the unlawful policies and procedures that are the subject of this Complaint. In addition, those Defendants personally control, and are engaged in, the unlawful acts, policies, and practices utilized by NORTHLAND and, therefore, are personally liable for all the wrongdoing alleged herein.

25. NORTHLAND mailed or caused to be mailed a letter dated November 8, 2017 (the "Letter") to FLEMING.

26. A true and correct copy of the Letter is attached as *Exhibit A*, except that the undersigned counsel has partially redacted the Letter.

27. The Letter alleged FLEMING had incurred and defaulted on a financial obligation (the "Debt") owed to the University of Wisconsin Credit Union ("UW Credit Union").

28. The alleged Debt arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transactions were primarily for personal, family, or household purposes.

29. The Letter was NORTHLAND's first written communication to FLEMING attempting to collect the Debt.

30. On information and belief, sometime prior to October 30, 2017, the creditor of the Debt either directly or through intermediate transactions assigned, placed, or transferred the debt to NORTHLAND for collection.

31. Above the salutation, the Letter stated: "Your past due balance: $7,844.13".

32. In the body, the Letter stated: "As of the date of this Letter, the balance due on the account is $7,844.13. Because of interest that may vary from day to day, the amount due on this account may be greater after the date of this letter."

33. On information and belief, UW Credit Union charged-off the account two months prior to the date of the Letter.

34. On information and belief, "charge-off" is an accounting procedure by which a receivable—such as the amount owed to a creditor on a loan—is deemed sufficiently unlikely to be paid that the creditor can no longer represent the receivable as an asset and, for an accrual-based taxpayer, all or a portion of the amount charged off may be treated as a loss for which the creditor receives a deduction for purposes of determining the creditor's federal income taxes. See, Victoria J. Haneman, The Ethical Exploitation of the Unrepresented Consumer, 73 Mo. L. Rev. 707, 713-14 (2008).

35. On information and belief, an account will go into default (i.e., there has been a failure to make a timely payment in accordance with the terms of the debt) before it is charged-off. Thus, a charged-off debt is always in default but not all defaulted debts are charged-off.

36. Once the Debt was charged-off, its balance remained static and unchanging.

37. Once the Debt was charged-off, it did not accrue any interest.

38. The Letter falsely implies to the unsophisticated consumer that interest could accrue on the charged-off Debt.

39. Such false implication arises from the totality of the Letter including, but not limited to stating "as of the date of this Letter, the balance due on the account is $7,844.13.

Because of interest that may vary from day to day, the amount due on this account may be greater after the date of this letter."

40. The Letter is materially false, deceptive, and misleading to unsophisticated consumers "[b]ecause these consumers must often make difficult decisions about how to use scarce financial resources", and it is plausible that the fear of interest accruing might influence these consumers choices. *Boucher v. Fin. Sys. of Green Bay, Inc*., 880 F.3d 362, 368 (7th Cir. 2018).

41. A rational person with limited financial resources would, based on the Letter, choose to pay the Debt over an otherwise identical debt which accurately stated or implied the balance would remain static.

42. NORTHLAND's use of a form letter like the Letter—which falsely implies the Debt could increase—competitively disadvantages debt collectors who collect static debts without obscuring the fact those debts' balances are static.

43. The Letter does not clearly and unambiguously state the amount of the Debt.

44. The Letter deprived FLEMING of truthful, non-misleading, information in connection with NORTHLAND's attempt to collect a debt.

45. On information and belief, the Letter was created by merging information specific to a debt and consumer with a template to create what is commonly called a "form letter."

46. Consequently, on information and belief, NORTHLAND caused the same form collection letter to be mailed to others who, like FLEMING, reside in Wisconsin.

## V. CLASS ALLEGATIONS

47. NORTHLAND'S conduct toward FLEMING is consistent with its policies and practices when attempting to collect debts from consumers. Consequently, this action is brought by FLEMING individually and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

48. FLEMING seeks to certify a class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

49. *Class Definition.* The Class consists of: All natural persons to whom Defendant mailed a written communication in the form of *Exhibit A* to an address in the State of Wisconsin during the Class Period which begins on October 25, 2017 and ends on November 15, 2018.

50. The identities of the Class members are readily ascertainable from NORTHLAND's business records and those entities on whose behalf NORTHLAND attempted to collect debts.

51. *Class Claims.* The Class claims include all claims each Class member may have for a violation of the FDCPA arising from NORTHLAND having mailed a written communication in the form of *Exhibit A* to that Class member.

52. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

53. *Numerosity.* On information and belief, the Class is so numerous that joinder of all members would be impractical and includes at least 40 members.

54. *Common Questions Predominate.* Common questions of law and fact exist as to all members of the Class and those questions predominate over any questions or issues involving only individual class members because such questions and issues concern the same conduct by NORTHLAND with respect to each Class member.

55. *Typicality.* FLEMING's claims are typical of Class because those claims arise from a common course of conduct engagedd in by NORTHLAND.

56. *Adequacy.* FLEMING will fairly and adequately protect the interests of the Class members because he has no interests which are adverse to the interests of the Class members. Moreover, FLEMING is committed to vigorously litigating this matter and retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither FLEMING nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

57. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that the questions of law and fact common to the Class members predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

58. Based on discovery and further investigation (including, but not limited to, disclosure by NORTHLAND of class size and net worth), Fleming may, in addition to moving for class certification using modified definitions of the Class and/or Class claims, and the Class period, seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4).

### VI. CAUSE OF ACTION AGAINST DEFENDANTS FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

59. The factual allegations in the preceding paragraphs are realleged and incorporated by reference.

60. NORTHLAND is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

61. JOHN DOES are each a "debt collector" as defined by 15 U.S.C. § 1692a(6).

62. The Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

63. FLEMING is a "consumer" as defined by 15 U.S.C. § 1692a(3).

64. *Exhibit A* is a "communication" as defined by 15 U.S.C. § 1692a(2).

65. The use and mailing of *Exhibit A* by NORTHLAND in an attempt to collect the Debt violated the FDCPA in one or more following ways:

    (a) Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e;

    (b) Failing to provide a written notice containing the information required under 15 U.S.C. § 1692g(a)(1) either with the initial communication or within five days after the initial communication.

## VII.   PRAYER FOR RELIEF

66. WHEREFORE, FLEMING demands judgment against NORTHLAND as follows:

    (a) An Order certifying this action as a class action pursuant to Rule 23(c)(1)(A) of the Federal Rules of Civil Procedure including, but not limited to, defining the Class and the Class claims, issues, or defenses, and appointing the undersigned counsel as class counsel pursuant to Rule 23(g);

    (b) An award of statutory damages for FLEMING and the Class pursuant to 15 U.S.C. § 1692k(a)(2);

    (c) An award to FLEMING for his services on behalf of the Class as determined in the discretion of the Court;

    (d) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3); and

(e) For such other and firther relied as may be just and proper.

## VIII. JURY DEMAND

67. Trial by jury is demanded on all issues so triable.

Dated: October 25, 2018

*s/Francis R. Greene*
*Francis R. Greene*
Francis R. Greene (WI Bar # 1115577)
Philip D. Stern (NJ Bar # 045921984)
Andrew T. Thomasson (NJ Bar # 048362011)
    *Attorneys for Plaintiff, Thomas Fleming*
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081
Telephone (973) 379-7500
E-mail: Philip@SternThomasson.com
E-mail: Andrew@SternThomasson.com
E-mail: Francis@SternThomasson.com